USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 7-25-19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
United States of America,

                                              Plaintiff.

-v.-

96,000.00 IN UNITED STATES CURRENCY,

                                     Defendant-in-Rem,

ZHI TUAN CHEN,

                                     Claimant.

------------------------------------------------------------x

1:18-cv-5993 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge**

On July 2, 2018, the United States ("Plaintiff" or "Government") commenced the above-captioned civil action in rem against funds seized during a Drug Enforcement Administration ("DEA") arrest, totaling $96,000. This action seeks forfeiture pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Zhi Tuan Chen ("Chen" or the "Claimant"), after filing a claim alleging an interest in the Defendant Funds, has failed to file a timely answer. Pending before the Court is the government's motion to strike Chen's Verified Claim for lack of standing and Chen's cross-motion for an extension to file an answer. For the following reasons, the government's motion is denied and Chen's motion is granted.

## BACKGROUND

**A. The Complaint and Notice**

1

This case arises from a DEA investigation of a money laundering organization that launders drug proceeds for narcotics traffickers in California and New York (the "MLO"). The DEA seized $96,900.00 from a member of the MLO (the "Defendant in Rem" or "Defendant Currency") at the time of his arrest. Neither the Claimant nor the person from whom the funds were seized has been charged with a crime related to the Defendant Currency. On July 2, 2018, the Government filed a verified complaint (the "Complaint") against the Defendant Currency. ECF No. 1.

On or about July 19, 2018, the Government sent a notice and copy of the Complaint to all parties known to the Government, including Claimant, who appeared to have an interest in the Defendant Currency. On July 28, 2018, in accordance with 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government published the forfeiture proceeding, for thirty (30) consecutive days, on the official government internet forfeiture site, www.forfeiture.gov.[1]

**B. Chen's Claim**

On August 23, 2018, Claimant filed a letter motion requesting an extension of time to file a claim and answer. ECF No. 4. On August 28, 2018, the Court granted Claimant's motion and extended the time to file a claim and answer to October 5, 2018. ECF No. 5. On October 4, 2018, Claimant filed a timely Verified Claim asserting an interest in the Defendant Currency. ECF No. 8. On October 24, 2018, Claimant filed a letter requesting a time extension to file an answer (ECF No. 9), which the Court granted and extended the deadline to November 23, 2018. ECF

---

[1] The publication notice provides that any person claiming an interest in the Defendants in Rem must file a petition within sixty days from the first day of publication of the notice on this official government internet site, or no later than thirty-five days from the mailing of actual notice, whichever is earlier.

No. 10. Claimant failed to file an answer by November 23, 2018 and the time to file an Answer has thus passed.

Chen blames his failure to answer or request an additional deadline extension on an "administrative office failure at the Claimant attorney's office". *See* ECF No. 18. Specifically, Chen claims his attorney's office did not track the status of the answer because the calendar clerk failed to record the November 23, 2018 deadline. *Id*. Chen also claims, "the person responsible for keeping track of the [case] deadlines" resigned from the law firm without informing their former colleagues about the deadlines. *Id*.

### C. Instant Motion

The Government now moves to strike the Verified Claim. The Claimant in his Cross-Motion asks the court for favorable use of discretion and for an extension of time to file an answer. The Claimant has asserted his ownership of Defendant Funds and contends he is an "innocent owner…likely to succeed" in his claim. The Claimant also attached a proposed answer as an exhibit to his moving papers. *See* ECF No. 18, Ex. 1.

## LEGAL STANDARD

### I. General Legal Principles

"[T]o contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court." *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999).

Rule G(5) of the Supplemental Rules governs civil forfeiture actions for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Rule G" or "Forfeiture Rules"). "The Federal Rules of Civil Procedure also apply to such proceedings to the extent that they do not

conflict with the Forfeiture Rules." *United States v. $417,143.48, Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents*, 682 F.App'x 17 (2d Cir. 2017). "In response to a civil forfeiture complaint, Supplemental Rule G (5) requires a claimant to file two pleadings: (1) a claim, and (2) an answer." *United States v. Real Prop. & Premises Located at 2840 S. Ocean Boulevard, Apartment No. 209 & Parking Space No. 166, Palm Beach, Fla. 33480*, No. 14-CV-2693 (RJD)(RR), 2017 WL 1533538, at *4 (E.D.N.Y. Apr. 21, 2017) (citing Supplemental Rules G(5)(a), (b)), appeal dismissed sub nom. *United States v. Yembe*, No. 17-2228, 2017 WL 5178872 (2d Cir. Aug. 24, 2017).[2] "[C]ourts generally expect claimants to adhere strictly to th[e] requirements [of Supplemental] Rule G(5), ... and are authorized to dismiss a claim for failure to do so[.]" *United States v. Fifty-Five Boxes of Tide Downy Powder Detergent Seized From Excel Wholesale Distributors*, 15-CV-2678(ADS), 2015 WL 9581876, at *5 (E.D.N.Y. Dec. 30, 2015) (citations and quotations marks omitted) (collecting cases). "At any time before trial, the government may move to strike a claim pursuant to Forfeiture Rule G(8)(c) on the grounds that the claimant lacks standing to make the claim, or on the grounds that the claimant did not comply with Forfeiture Rule G(5) or G(6)." *United States v. $417,143.48*, 2015 WL 5178121, at *4 (citing Supp. R. G(8)(C)(i)(A)-(B)).

**II. "Excusable Neglect"**

Federal Rule of Civil Procedure 6(b) gives courts discretion to permit a claimant to file a late answer if the claimant demonstrates its failure to answer was due to "excusable neglect". Fed.R.Civ.P. 6(b); *Pioneer Inv. Services Co v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 388(1993) ("Congress plainly contemplated that the courts would be permitted, where

---

[2] Under Rule G(5), "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Supp. R. G(5)(a). Within twenty-one (21) days of filing the claim, the claimant "must serve and file an answer to the complaint or a motion under Rule 12" of the Federal Rules of Civil Procedure. Supp. R. G(5)(b).

4

appropriate, to permit late filing caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.")[3]

Courts examine the following four factors to find excusable neglect: 1) the danger of prejudice to the non-movant; 2) the length of the delay and its impact on proceedings; 3) the reason for the delay including whether it was within the reasonable control of the movant; and, 4) whether the movant acted in good faith. *Id*; *see also In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)("excusable neglect" is an "elastic concept," that considers "all relevant circumstances surrounding the party's omission"); *Luo v. Baldwin Union Free Sch. Dist.*, 677 F. App'x 719, 720 (2d Cir. 2017). When balancing these factors, the "reason for delay" factor "predominates, and the other three are significant only in close cases." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415–16 (2d Cir. 2004). The late claimant has the burden of proving excusable neglect. *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005).

The Second Circuit prefers to resolve disputes on their merits and not by default. "Motions to strike are generally disfavored and will be denied unless it is clear that under no circumstances could the defense succeed." *Dunkin'Donuts Franchised Restaurants LLC v. Got-A-Lot-A-Dough, Inc.* No. 07-cv-2303, 2008 WL 4861968, at *2 (EDNY Oct. 31, 2008), *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6 (EDNY 2014). "While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort". *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

---

[3] In *Pioneer Inv. Services Co v. Brunswick Assoc. Ltd. Partnership*, The Supreme Court stated, "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id* at 395.

5

## DISCUSSION

The government does not contest Chen's Article III standing to assert his claim to the Defendant Currency. In its moving papers, the Government concedes Claimant filed a timely Verified Claim asserting an interest in the Defendant Currency on October 4, 2018. The government seeks to strike the Verified Claim, arguing that Chen lacks statutory standing since he failed to file a timely answer. After considering the *Pioneer* factors, the Court finds that the reason for delay, the length of delay, and the prejudice to the claimant weigh in favor of granting Claimant's motion to extend the deadline to answer. Furthermore, considering the "reason for delay" factor predominates when balancing these factors, *see Williams*, 391 F.3d at 415–16, and the Second Circuits' preference for deciding cases on the merits, the Court finds that Chen's failure to file a timely answer amounts to "excusable neglect".

### I.   Application

### A. Prejudice, Length of Delay and Good Faith Factors

First, the government does not identify any specific prejudice it would face if the Court retroactively extended claimant's time to file an answer. *See* ECF No. 13. Instead, they point out that the Court should grant their motion for default simply because Claimant failed to adhere to the filing deadline. After Chen missed the November 28, 2018 deadline to file an answer, the Government moved to strike the Verified Claim on February 14, 2019. Chen then cross moved for a time extension to file an answer on February 25, 2019 and attached a proposed answer as an exhibit to the motion. ECF No. 14, Ex. 2. Though the Court recognizes the strict compliance ordinarily required by the Supplemental Rules, leniency is warranted under these circumstances. The *Pioneer* balancing test is concerned with the specific prejudice to the government, of which there is little, if any, considering the delay was two and half months.

6

Furthermore, the government does not contend Chen acted without good faith. However, given that the first two factors typically favor the claimant and the absence of good faith is rarely at issue, courts generally focus more attention on the reason for the delay. *See $1,084,170.78 seized from Seacomm Fed. Credit Union*, 2015 U.S. Dist. LEXIS 74044, 2015 WL 3500201, at *3 (citing *Silivanch*, 333 F.3d at 366).

### B. Claimant's Reasons for Delay and Policy Considerations

Chen claims he missed the deadline to answer due to his counsel's "administrative office failure." Specifically, the calendar clerk did not record the November 23, 2018 deadline to file an answer. Additionally, Claimant contends that the person responsible for tracking the case deadlines left the firm on or about November 19, 2018 without appraising the office of the existing deadlines. Furthermore, the government has not challenged Chen's justification for his delay nor has it seriously disputed that he has a sufficient ownership interest in the Defendant Currency. *See United States v. Property located at 4492 S. Livonia Road*, 889 F.2d 1258, 1262 (2d Cir.1989) (stating that where a claimant has shown a sufficient interest in the property through a motion and affidavits, technical noncompliance with the rules governing the filing of claims may be excused).

Considering Chen's contentions, The Court finds that departing from strict compliance is appropriate. *See Cambio Exacto*, 166 F.3d at 529 (quoting *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993)); *United States v. $138,381*, 240 F. Supp. 2d 220, 229-30 (E.D.N.Y. 2003) (stating that departing from the strict compliance standard is appropriate when, for example, "claimants have timely placed the court and government on notice of their interest in the property and intent to contest the forfeiture, recognizing both the good-faith effort put forth and the lack of prejudice to the government under such circumstances." (citing *United States v.*

*$175,918,* 755 F. Supp. 630, 633 (S.D.N.Y. 1991)). Claimant has demonstrated that his untimely answer was due to "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond [his] control." *See Luo,* 677 Fed. Appx. at 720 (excusable neglect found due to confusion from, among other things, motion for reconsideration). Furthermore, the Second Circuit has found that a district court's grant of a time extension was not an abuse of discretion "[w]here the validity of [the reason for delay] factor [went] unchallenged, and the other factors favor[ed] extension". *Williams,* 391 F.3d 411, 418.

Finally, policy considerations favor a denial of the government's motion because striking the Verified Claim, which would be functionally equivalent to entering a default judgment, would "violate the policy of resolving cases on the merits." *Llewellyn v. N. Am. Trading,* No. 93-CV-8894, 1996 U.S. Dist. LEXIS 18397, 1996 WL 715532, at *2 (S.D.N.Y. Dec. 11, 1996).

Thus, these circumstances present a situation in which the Court should exercise its discretion to grant Claimant an extension of time to file an answer.

## CONCLUSION

For the foregoing reasons, the government's motion to strike is DENIED and Claimant's motion for an extension of time to file an answer is GRANTED. Accordingly, the Court accepts Claimant's answer attached as an exhibit to his moving papers as filed. *See* ECF No. 18. The Court will hold a status conference on September 3, 2019 at 11:00 a.m. All parties (and/or counsel) should appear in person in Courtroom 1306 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY, on the date and time specified above. The clerk of court is respectfully directed to terminate the motions at ECF Nos. 11 and 18.

**SO ORDERED.**

**Dated:** July 25, 2019

New York, New York					**ANDREW L. CARTER, JR**

					**United States District Judge**